IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) CRIMINAL ACTION: 2:19-00227-KD-B |
| | ) |
| LAMARION DEMETRIUS ALSTON,   Defendant. | ) ) |

**ORDER**

This matter is before the Court on a review of the record.

On February 13, 2020, upon receipt of on Alston's Notice of Present Incompetency and Forensic Psychological Evaluation (Docs. 41, 42 (SEALED)) opining that Alston was not presently competent to stand trial, the Court scheduled a competency hearing. (Doc. 44). However, on February 14, 2020, the Government moved for a psychiatric examination of Alston pursuant to 18 U.S.C. §§ 4241 and 4242 (competency and insanity).[1] (Doc. 45). On February 18, 2020, the Court granted the Government's motion and ordered the Bureau of Prisons (BOP) to complete a psychiatric or psychological examination of Alston in accordance with 18 U.S.C. § 4241(b), as follows:

> Upon consideration of the Notice of Present Incompetency and the forensic psychological evaluation report, the Court finds that there is reasonable cause to believe that Alston "may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241. Additionally, 18 U.S.C. § 4242(a) provides that when a defendant has filed a notice of insanity defense, upon motion of the United States, the Court "shall order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." 18 U.S.C.A. § 4242(a).
>
> Accordingly, the Motion for Psychiatric Examination is GRANTED and it is ORDERED that Defendant Alston shall be transferred to a facility designated by the Federal Bureau of Prisons for a psychiatric or psychological examination to determine:

---

[1] Alston filed a Notice of Insanity Defense. (Doc. 21).

    1) Whether he presently suffers from a "mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense[,]" 18 U.S.C. § 4241; and
    2) Whether as a result of a severe mental disease or defect, Alston "was insane at the time of the offense charged." 18 U.S.C. § 4242.

(Doc. 46 at 2). On May 7, 2020, additional time was allotted to complete the evaluation. (Doc. 53).

Alston was examined by the Federal Bureau of Prisons. Two (2) June 25, 2020 reports by forensic psychologist H. Wentowski, Psy.D. were submitted to the Court. (Doc. 59 (Competency Report-SEALED)); Doc. 60 (Sanity Report-SEALED)). In the Bureau of Prisons' professional opinion, Alston is presently competent to stand trial (Doc. 59), and Alston was not suffering a mental disease or defect such that he was unable to appreciate the nature and quality of wrongfulness of his actions at the time of the commission of the acts that constituted the alleged offense (Doc. 60).

In response, on July 22, 2020, Alston filed a "Defense Notice of Present Competency" (Doc. 53-SEALED) with a July 21, 2020 Addendum report (Doc. 63-1 (SEALED)) from Catherine Boyer, Ph.D. (Dr. Boyer), and specifically states, "Dr. Boyer now agrees that Alston presently is competent[]" for trial. On August 3, 2020, Alston filed a Notice of Report of Mental State at Time of Offense and the related report. (Docs. 64-65 (SEALED)).

"The Due Process Clause of the Fifth Amendment requires that a defendant be mentally competent to be tried or convicted." United States v. Harris, 741 Fed. Appx. 663, 667 (11th Cir. 2018) (citing United States v. Rodriguez, 751 F.3d 1244, 1252 (11th Cir. 2014)). Alston shall be considered mentally competent to stand trial if found to have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960); Adams v. Wainwright, 764 F.2d 1356, 1359-1360 (11th Cir.1985); Harris, 741 Fed. Appx. at 667 (quoting Rodriguez, 751 F.3d at 1252) ("The standard of competence is 'whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding,' and

whether the defendant has a rational and factual understanding of the criminal proceedings[]"); United States v. Evans, 332 Fed. Appx. 561, 562 (11th Cir. 2009) ("For a defendant to be competent ... he must have 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding ... [and] ha[ve] a rational as well as factual understanding of the proceedings against him.'") (quoting United States v. Rahim, 431 F.3d 753, 759 (11th Cir. 2005) (per curiam)). See also Godinez v. Moran, 509 U.S. 389, 401 n.12 (1993) ("the question is whether [the defendant] has the ability to understand the proceedings[]").

Upon consideration of all matters presented, including the opinions of the BOP Forensic Psychologist Dr. Wentowski, Dr. Boyer, and Alston's Notice of Present Competency, the Court finds by a preponderance of the evidence that there is no "reasonable cause to believe the defendant is presently suffering from a metal disease or defect rendering him mentally incompetent[]" (i.e., Alston is not "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense[,]" 18 U.S.C. § 4241(a)).

Therefore, Alston is **COMPETENT** to proceed to trial.[2]

**DONE** and **ORDERED** this the **25th** day of **August 2020.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] Based on the circumstances, there is no need for a competency hearing. United States v. Williams, 262 Fed. Appx. 165, 173 (11th Cir. 2008) (a district court may rule on competency without a full hearing as long as the court has no bona fide doubt as to the competence of the defendant); Wright v. Secretary for the Dep't of Corr., 278 F.3d 1245, 1259 (11th Cir. 2002) ("Only [a defendant] who presents clear and convincing evidence creating a real, substantial, and legitimate doubt as to his competence to stand trial is entitled to a hearing on his substantive competency claim[]"). See also e.g., United States v. Anderson, 708 Fed. Appx. 563, 568-569 (11th Cir. 2017) (no abuse of discretion for not ordering a competency hearing); United States v. Alvarado, 643 Fed. Appx. 853, 855 (11th Cir. 2016) (same); United States v. Michel, 511 Fed. Appx. 918, 918 (11th Cir. 2013) (same).